**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ALL EXPERT TREE CARE LLC,**                                             **Plaintiff**
**d/b/a ALLXPERT CONTRACTING**

                                                        **Civil Case No.   1:23cv361 TBM-RPM**

**VERSUS**

**ATEGRITY SPECIALTY INSURANCE COMPANY**          **Defendant**

**NOTICE OF REMOVAL**

NOW COMES, Ategrity Specialty Insurance Company ("ASIC"), and without waiving any rights or defenses, files this Notice of Removal (the "Notice"), containing a short and plain statement of the grounds for removal of the action filed by Plaintiff, All Expert Tree Care, LLC d/b/a AllXpert Contracting ("Plaintiff" or "All Expert"), as required by 28 U.S.C. §§§ 1332(a), 1441, and 1446, thereby giving notice of removal of the action entitled *All Expert Tree Care, LLC d/b/a AllXpert Contracting versus Ategrity Specialty Insurance Company*, pending at docket number 24CI1:23-cv-00441 in The Circuit Court of Harrison County, First Judicial District, State of Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division.

1.      As more fully explained below, this case is properly removed to this Honorable Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000.00, exclusive of interests and costs.

1

**BACKGROUND**

2.      On November 9, 2023, Plaintiff filed the Complaint in The Circuit Court of Harrison County, First Judicial District, State of Mississippi.[1]

3.      The Complaint asserts a civil action for declaratory judgment and damages against ASIC arising from an alleged breach of an insurance contract.[2] Plaintiff avers a policy issued by ASIC provides coverage for the claims against Plaintiff in two underlying lawsuits, and that ASIC improperly denied coverage.[3] The Complaint seeks a declaratory judgment and asserts claims for damages against ASIC for breach for contract, breach of good faith and fair dealing, bad faith, and attorneys' fees.[4]

**TIMELINESS OF REMOVAL**

4.      On or about December 5, 2023, ASIC received a copy of the Complaint from the Mississippi Insurance Department, which was served on the Commissioner of Insurance on November 15, 2023.[5]

5.      Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1441(b)(2)(B).

6.      This Removal is timely under 28 U.S.C. § 1446(b)(2)(B) and (c)(1) as it is filed within thirty (30) days of receipt of the initial pleading against ASIC.

---

[1] Exhibit 1, Documents Served on ASIC including the Complaint.
[2] Exhibit 1, Complaint, ¶1.
[3] Exhibit 1, Complaint, ¶¶2-3.
[4] Exhibit 1, Complaint
[5] Exhibit 1, Documents Served on ASIC.

## BASIS OF REMOVAL – DIVERSITY JURISDICTION

7.      This Court has original jurisdiction pursuant to 28 U.S.C § 1332(a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

8.      Plaintiff is a "Mississippi Limited Liability Company organized and existing under the laws of the State of Mississippi with its principal place of business in Mississippi."[6]   For purposes of determining diversity, the citizenship of a limited liability company, such as Plaintiff, is determined by the citizenship of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1079-80 (5th Cir. 2008).  Plaintiff has three members who are domiciled in Mississippi.[7] Thus, Plaintiff is deemed a citizen of the Mississippi.

9.      ASIC is a foreign insurance company organized under the law of the State of Delaware, with its headquarters and principal place of business in Arizona.  Thus, ASIC is deemed a citizen of Delaware and Arizona for diversity jurisdiction purposes.  *See* 28 U.S.C. § 1332(c)(1); *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987) ("Under 28 U.S.C. § 1332(a), a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business.").

10.     There is complete diversity of citizenship between Plaintiff, which is comprised of citizens of Mississippi, and ASIC, as a citizen of Delaware and Arizona, thereby satisfying the diversity-of-citizenship requirement of 28 U.S.C. § 1332(a).

---

[6] Exhibit 1, Complaint
[7] Exhibit 2, Mississippi Secretary of State printout for AllXpert Contracting, LLC

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

11.    In a declaratory judgment action, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *Imperium Ins. Co. v. Shelton & Associates*, P.A., 761 Fed. Appx. 412, 418 (5th Cir. 2019) citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998) (*quoting Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In a suit seeking a declaratory judgment regarding insurance coverage, "'the object of the litigation is the policy' and the 'value of the right to be protected is [the] plaintiff's potential liability under that policy.'" *Id*. at 418.

12.    Here, it is facially apparent from the face of the Complaint that the amount in controversy exceeds $75,000.00.  The Complaint alleges the at-issue ASIC policy provides coverage for the claims asserted against Plaintiff in two underlying lawsuits.[8]  In the lawsuit filed by Coastal Scapes, LLC, attached as Exhibit B to the Complaint, Coastal Scapes, LLC demands a judgment against All Expert in the amount of $452,268.69, plus interest and costs.[9]  In the lawsuit filed or to be filed by Littlestone Brotherhood, LLC d/b/a Pelican Pointe Golf & Country Club ("Pelican Pointe"), attached as Exhibit C to the Complaint, Plaintiff alleges Pelican Point seeks to hold All Expert responsible for damages, "which is estimated to cost at least $425,000.00 to repair plus any other associated damages."[10]

13.    While ASIC contests insurance coverage, liability, and the amount of damages alleged in the pleadings and as summarized in this Notice, and ASIC further expressly denies that it has any liability to Plaintiff, a review of the pleadings reveal the damages sought exceed the $75,000 threshold required under 28 U.S.C. § 1332(a).

---

[8] Exhibit 1, Complaint, ¶¶1-3, 9.
[9] Exhibit 1, Complaint, Exhibit B Coastal Scapes, LLC Lawsuit, prayers.
[10] Exhibit 1, Complaint, ¶14.

14.    In sum, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and ASIC and the amount in controversy is satisfied.  Therefore, this action is removable to this Court, as the district court of the United States for the district and division embracing the place where such action is pending, pursuant to 28 U.S.C. § 1441(a).

## REMOVAL PROCEDURE

15.    A copy of this notice of removal is being served upon all known counsel of record in accordance with 28 U.S.C. § 1446(d).

16.    In accordance with 28 U.S.C. § 1446(a) and the Local Rules of Court, Counsel for ASIC has attached a copy of the entire state court record hereto as Exhibit 3.

17.    In accordance with 28 U.S.C. § 1446(d), a copy of the Notice to the Clerk of Court for The Circuit Court of Harrison County, First Judicial District, State of Mississippi, which has been filed in that court, is attached hereto as Exhibit 4.

18.    ASIC appears here only for the limited purpose of asserting the present Notice of Removal and suggests that this Notice is submitted without waiver of any defenses, state or federal, and with full reservation of ASIC's right to timely assert any and all such defenses.

19.    ASIC reserves its right to supplement and/or amend this Notice of Removal.

WHEREFORE, Ategrity Specialty Insurance Company prays that the suit number 24CI1:23-cv-00441 entitled *All Expert Tree Care, LLC dba AllXpert Contracting versus Ategrity Specialty Ins. Company*, now pending in The Circuit Court of Harrison County, First Judicial District, State of Mississippi, be immediately removed to this Court for trial and determination, and that this Court assume full jurisdiction of this cause of action, the same as though this action had been originally instituted in this Court.

Respectfully Submitted:

/s/ Todd G. Crawford
Todd G. Crawford, MSB # 102620
Sam Noblin, MSB # 105971
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
1607 24th Avenue, Suite B
Gulfport, Mississippi 39501
Telephone: (228) 206-0033
Facsimile: (228) 256-0174
Email: tcrawford@lawla.com
          snoblin@lawla.com

AND

Kristopher T. Wilson, LA Bar #23978
(MS Pro Hac Vice Application to be submitted)
Shaundra M. Schudmak, LA Bar #32007; GA Bar #713829
(MS Pro Hac Vice Application to be submitted)
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, 27th Floor
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:   (504) 310-9195
Email: kwilson@lawla.com
          sschudmak@lawla.com

**Attorneys for Ategrity Specialty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that promptly after filing the Notice of Removal with this Honorable Court,

the attached Notice of Filing of Removal to Counsel and Clerk of Court together with a copy of

the above-referenced Notice of Removal, were filed with The Circuit Court of Harrison County,

First Judicial District, State of Mississippi and was served on all parties by electronic mail and/or

facsimile and by mailing the same, properly addressed and postage prepaid, on this 13th day of

December, 2023.

/s/ Todd G. Crawford